I ¶WILLIAMS, Judge.
The plaintiff, Camille S. Bransford, appeals a summary judgment rendered in favor of the defendant, International Paper Timberlands Operating Company, Ltd. (“IP Timberlands”). The district court found that the defendant did not have a duty to remedy naturally occurring conditions on its land that obstructed drainage and caused flooding of plaintiffs property. For the following reasons, we affirm.
FACTS
The plaintiff, Camille S. Bransford, and IP Timberlands own adjacent tracts of land in Webster Parish, Louisiana (referred to herein as the “Bransford Tract” and the “Timberlands Tract” respectively). Surface water from the plaintiffs land naturally drains across the defendant’s property. In December 1991, the plaintiff, who is an elderly widow, gave to her son, James Bransford (“Bransford”), the power of attorney to manage her properties, including the Bransford Tract, which contains timber.
On and around the Bransford Tract, beavers had built dams which caused flooding in some areas of the property. In late 1995, Bransford began efforts to destroy and remove the beavers and their dams. During the summer of 1996, Brans-ford learned that flooding had also occurred on that part of the Bransford Tract contiguous to the Timberlands Tract. Subsequently, Bransford entered the Tim-berlands Tract and observed a beaver dam, which was apparently preventing drainage from plaintiffs land. Bransford did not attempt to dismantle the dam.
The plaintiff filed a petition for damages, alleging that the defendant’s failure to remove beaver dams on its property caused flooding of plaintiffs land and the loss of timber. The case was removed to the United States District Court for the Western District of Louisiana, where the defendant filed a motion for summary judgment. Subsequently, the case was remanded to the 26th Judicial | ¡.District Court,[1] which held a hearing on the summary judgment motion.
For the purposes of the motion for summary judgment, IP Timberlands conceded that beaver dams built on its property had obstructed the natural drainage from the Bransford Tract, causing flooding of the plaintiffs land and damage to the timber. IP Timberlands does not dispute that there is a natural servitude of drainage between the two contiguous tracts of land, and that its parcel is the servient estate to the Bransford Tract.
Following the hearing on the motion, the trial court found that IP Timberlands did not have an affirmative duty to remedy conditions of a purely natural origin, and determined that such a duty would place an unreasonable burden on rural landowners. The district court granted the defendant’s motion for summary judgment, dismissing plaintiffs claims. Consequently, the court did not address the defendant’s *426 prescription argument. The plaintiff appeals the judgment.
DISCUSSION
The plaintiff contends the district court erred in granting the motion for summary judgment. Plaintiff argues that the defendant, as owner of the servient estate, is liable for damages due to its failure to remove beaver dams, which prevented drainage and contributed to flooding of plaintiffs dominant estate.
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. NAB Natural Resources v. Willamette Industries, Inc., 28,555 (La.App.2d Cir.8/21/96), 679 So.2d 477.
|aA predial servitude is a burden on a servient estate for the benefit of a dominant estate, with each having different owners. LSA-C.C. art. 646. Generally, the owner of the servient estate is not required to do anything. His obligation is to abstain from doing something, or to permit something to be done, on his estate. He may be required by convention or by law to keep his estate in suitable condition for the exercise of the servitude due to the dominant estate. LSA-C.C. art. 651. A predial servitude may be a natural servitude, which arises from the natural situation of estates. LSA-C.C. art. 654.
Pursuant to the natural servitude of drainage, an estate situated below is bound to receive the surface waters that flow naturally from an estate situated above, unless the flow was created by an act of man. LSA-C.C. art. 655. The owner of the servient estate may not do anything to prevent the flow of water. The dominant estate owner may not act to render the servitude of drainage more burdensome. LSA-C.C. art. 656.
In the present case, the plaintiffs claim for damages is not based on the defendant’s control of the beavers, but is based on the defendant’s ownership of the ser-vient estate, which is subject to a servitude of drainage for the benefit of the Brans-ford Tract. The defendant does not dispute the fact that the flooding of plaintiffs land was caused by beaver dams located on the Timberlands Tract.
In support of her argument that defendant is liable for damage caused by the flooding, plaintiff cites authority from another jurisdiction. In Illinois Central R.R. Co. v. Watkins, 671 So.2d 59 (Miss.1996), the railroad modified a natural drain and constructed a culvert to allow the flow of surface water. The culvert became obstructed by beaver dams, which prevented drainage and caused flooding of Watkins’ land, damaging his crops. Watkins notified the railroad, which cleared the blockage. However, the culvert became blocked by beaver dams a second time and was cleared. Watkins sued for damages alleging that the railroad had Lnegligently maintained its property. The court determined that the railroad had a duty to maintain its culvert, which became blocked by a dam, that the railroad knew of the condition and allowed it to remain, and that these facts supported the jury’s finding that the railroad was negligent.
The factual situation in Watkins can be distinguished from that in the present case. Here, the defendant did not build a structure which modified or blocked the drainage area. Nor is there evidence that defendant was aware of the presence of beaver dams blocking the flow of water until being informed of this fact by Brans-ford after the flooding had occurred. Thus, the Watkins case does not provide persuasive authority for the plaintiffs argument.
*427 In evaluating the defendant’s duty as the servient estate owner, we must apply the provisions of the previously cited codal articles. Pursuant to Article 656, defendant was required to refrain from taking any action which would prevent the natural flow of water from the Bransford Tract. Article 651 obligated defendant to either abstain from doing something or permit something to be done on the Timberlands Tract, but defendant was “not required to do anything.” The record shows that the defendant did not take any action to impede the natural flow of water from the plaintiffs land. Nor is there evidence that defendant refused to permit plaintiffs representative from acting in connection with the servitude.
The plaintiff contends that her property damage was caused by defendant’s failure to remove the beaver dams from the Tim-berlands Tract. However, this court has previously provided for an award of damages only under circumstances in which the owner of the servient estate has acted directly to obstruct or interfere with the servitude of drainage. See Tool House, Inc. v. Tynes, 564 So.2d 720 (La.App. 2d Cir.), writ denied, 568 So.2d 1087 (La.1990); Cole v. Mott, 351 So.2d 1326 (La.App. 2d Cir.1977). The record demonstrates that defendant did not act to prevent the flow of water from the plaintiffs land. Consequently, defendant is | snot liable for property damage caused by the flooding of the Bransford Tract.
The plaintiff also argues that the codal articles impose upon defendant the affirmative duty to remove naturally occurring obstructions which prevent the natural drainage from the Bransford Tract. We recognize that Article 651 provides that a servient estate owner may be required by convention or law to keep his estate in suitable condition for the exercise of the servitude. In addition, we are aware that in the case of Brown v. Blankenship, 28 So.2d 496 (La.App. 2d Cir.1946), this court affirmed a judgment ordering the owner of a servient estate to remove underbrush and other debris which accumulated over time and obstructed the natural drainage of water from the dominant estate.
However, in the present case, the plaintiff has not sought such injunctive relief. Thus, we will not address the issue of whether the defendant could have been compelled to remove the beaver dams which were preventing the natural drainage from the Bransford Tract. We note that in its brief, the defendant acknowledges that plaintiff would have been entitled to enter the Timberlands Tract in order to maintain the servitude of drainage by removing the obstructions.
Based upon this record, we cannot say the district court erred in granting the defendant’s motion for summary judgment. The plaintiffs assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, the district court’s judgment granting the motion for summary judgment is affirmed. Costs of this appeal are assessed to the appellant, Camille Bransford.
AFFIRMED.

. Upon motion of the defendant, the case was remanded to the state court because of the lack of subject matter jurisdiction in the federal court.